**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kevin Lamar GRAYS, Defendant–
Appellant.**

No. 99–50279.

D.C. No. CR 98–01062–ER–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted, July 8, 2002.

Decided July 18, 2002.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and KING,* District Judge.

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

MEMORANDUM **

Defendant–Appellant Kevin Lamar Grays ("Appellant") appeals the district court's sentence and entry of judgment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Appellant argues that the district court erred under Federal Rule of Criminal Procedure 11(c)(3) by advising him of his right to have counsel assist him in confronting witnesses and presenting evidence, but not advising him of his general right to assistance of counsel at trial. A defendant who lets Rule 11 error pass without objection at the trial court stage must satisfy Rule 52(b)'s plain-error rule and show that the plain error affected his substantial rights. *United States v. Vonn,* — U.S. —, —, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002).

Appellant was advised of his right to counsel three times: at his post-indictment arraignment, in a written statement, and in his plea agreement. We presume that Appellant remembered this advice at his plea colloquy. *Vonn* at 1055. Whether or not the colloquy was defective, therefore, Appellant has failed to prove a violation of his substantial rights.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

